No. 752 August 20, 2025 825

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. T. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. T. H.,
*Appellant.*

Marion County Circuit Court
16CC08060; A184554

Matthew L. Tracey, Judge pro tempore.

Submitted July 23, 2025.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Kamins, Presiding Judge, Jacquot, Judge, and Armstrong, Senior Judge.

KAMINS, P. J.

Affirmed.

**KAMINS, P. J.**

Appellant appeals a judgment continuing his involuntary commitment to the custody of the Oregon Health Authority for up to 180 days on the ground that he has a mental disorder that makes him a danger to others and prevents him from providing for his basic needs. ORS 426.130 (1)(a)(C); ORS 426.005(1)(f)(A)(B); ORS 426.307(7). We conclude that the evidence is sufficient to demonstrate that, because of his mental disorder, appellant presents a danger to others and therefore affirm.[1]

Absent *de novo* review (which neither party requests), "[w]hen reviewing a civil commitment determination, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. J. K.*, 337 Or App 629, 630, 564 P3d 940 (2025) (internal quotation marks omitted). "A person can be committed on 'danger to others' grounds only if the evidence permits a rational finder of fact to conclude that a mental disorder makes the person highly likely to engage in future violence toward others, absent commitment." *Id.* at 633 (internal quotation marks omitted).

The trial court concluded that if appellant were released, it would be highly likely that his mental illness would lead to actual violent behavior toward others. That conclusion was supported by the evidentiary record. Specifically, because of his schizoaffective disorder, appellant experiences command hallucinations and delusions. In response to those symptoms, appellant engaged in numerous assaults—as frequently as every other day for a month—against staff and peers. As a result, he was transferred to a higher security facility as well as placed in seclusion multiple times. Although appellant had not engaged in assaultive behavior in the 90 days prior to his hearing, the trial court determined that that was due to the hospital's security

---

[1] Because we agree with the trial court's determination that appellant was a danger to others, we do not address the trial court's determination as to his ability to meet his basic needs. *State v. K. J. B.*, 282 Or App 862, 869-70, 387 P3d 467, *aff'd*, 362 Or 777, 416 P3d 291 (2018) (adopting the same approach).

measures and medication adjustments—not because appellant's symptoms from his schizoaffective disorder had been sufficiently alleviated. In light of its factual findings, all of which were supported by the record, the trial court did not err by concluding that appellant presented a danger to others as a result of his schizoaffective disorder. *See State v. T. M.*, 296 Or App 703, 709, 437 P3d 1197 (2019) (recognizing that "[d]angerousness to others may be established by a pattern of overt acts of violence by a person with a mental disorder").

Affirmed.